**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRUNG QUANG PHAN, | No. 13-15911 |
| Petitioner - Appellant, | D.C. No. 4:11-cv-05286-PJH |
| v. | |
| JEFFREY BEARD,[*] | MEMORANDUM[**] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted September 23, 2014[***]

Before:    W. FLETCHER, RAWLINSON, and CHRISTEN, Circuit Judges.

California state prisoner Trung Quang Phan appeals from the district court's

judgment dismissing his 28 U.S.C. § 2254 petition as untimely.  We have

---

[*]     Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Jeffrey
Beard is substituted for his predecessor, Matthew Cate, as Secretary of the
Department of Corrections and Rehabilitation.

[**]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[***]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 2253. We review de novo a district court's dismissal of a federal habeas petition on statute of limitations grounds, and the denial of an evidentiary hearing for abuse of discretion. *See Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006). We affirm.

Phan, whose native language is Vietnamese, contends that he is entitled to equitable tolling because of his lack of English proficiency, the absence of Vietnamese language legal materials in the prison, and his inability to obtain assistance to file a federal habeas petition until 2010. This contention fails because Phan has not shown that he diligently attempted to procure either legal materials in Vietnamese or assistance in filing his federal habeas petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (to be entitled to equitable tolling, a petitioner must demonstrate diligence); *Mendoza*, 449 F.3d at 1070 (discussing showing a non-English speaker must make to qualify for equitable tolling).

Phan also contends that the district court erred by failing to hold an evidentiary hearing regarding his equitable tolling argument. Because Phan failed to make allegations regarding his diligence that would, if true, entitle him to equitable tolling, the district court did not abuse its discretion by dismissing the

petition without holding an evidentiary hearing. *See Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006).

**AFFIRMED.**